## FARRELL et al. v. JOWELL.

### No. 4530.

Court of Civil Appeals of Texas. Texarkana.
Oct. 4, 1934.

Harry Brelsford, of Fort Worth, for appellants.

R. Homer Moore, of Frankston, for appellee.

Milburn McCarty, of Eastland, amicus curiæ.

SELLERS, Justice.

R. L. Jowell brought this suit in the district court of Gregg county against J. E. Harper, Production Purchasing Company, J. E. Farrell, and Humble Oil & Refining Company. No service was had upon the defendant Harper whose residence is alleged to be unknown. Plaintiff in his second amended petition, on

which he went to trial, seeks to recover a debt of $518 against defendant Harper together with interest and attorneys' fees. The indebtedness being for lumber furnished the said Harper at his special instance and request for the purpose of erecting an oil well derrick on certain real estate upon which the defendant Harper owned an oil and gas lease. And it is further alleged that plaintiff had a valid contractor's materialman's lien upon the derrick and the leasehold estate which is alleged to be owned by Harper. As to the other defendants, it is alleged they are claiming some interest in and to the property, the exact nature of which is unknown to plaintiff, but that such claim is inferior to the materialman's lien. The prayer in plaintiff's petition asks judgment for his debt, interest, and attorney's fees, and foreclosure of his materialman's lien against all the defendants.

The defendants Production Purchasing Company and J. E. Farrell answered by general demurrer and general denial and specially alleged that they had conveyed to the defendant Humble Oil & Refining Company whatever interest they had in the leasehold estate. The defendant Humble Oil & Refining Company's answer contained a general demurrer and general denial. The court after hearing evidence entered judgment for plaintiff against defendants Production Purchasing Company, J. E. Farrell, and the Humble Oil & Refining Company for the amount of $518, interest and attorney's fees, with foreclosure of lien as prayed for. From this judgment the defendant Production Purchasing Company and J. E. Farrell have duly prosecuted this appeal.

Appellee admits on this appeal that the pleadings upon which the trial was had did not authorize the trial court to enter a personal judgment against the appellants and joins in asking that this court reform the judgment in this particular, but appellee insists that the judgment in so far as it forecloses the lien is correct and should be affirmed. It will be observed that the title to the property upon which a foreclosure of the lien is sought is alleged by appellee to be in J. E. Harper upon whom no service of citation was had, and it will be further noted that the only defendant under the pleadings against whom the debt could be established was the defendant Harper. Under this state of the record appellants contend that Harper was a necessary party to the suit before a judgment of foreclosure of the lien could be had. We think this contention must be sustained. The debt must be established against Harper in order to foreclose the lien on the property. Walter v. Dearing (Tex. Civ. App.) 65 S. W. 380.

The judgment therefore will be reversed and the cause remanded.